PEOPLE, PLAINTIFF AND APPELLEE, v. RODRÍGUEZ, DEFENDANT
AND APPELLANT.

Appeal from the District Court of Arecibo in a Prosecution
for Violation of Sanitation Regulation No. 6.

No. 1615.—Decided April 14, 1921.

SANITATION — CRIMINAL INTENT. — It having been proved that the defendant
erected a house less than five meters from the middle of the street, thereby
violating a condition of the permit granted to him by the Insular Depart-
ment of Health under Sanitation Regulation No. 6, he can not be heard
to plead lack of criminal intent on the ground that the municipal commis-
sioner of sanitation of the town where the house was erected authorized
him to proceed with the construction of the house after the Insular Depart-
ment had ordered him to stop, for the appellant had no right to rely upon
the opinion of the municipal official, but was bound by the provisions of
the said regulation.

The facts are stated in the opinion.

Mr. I. Carballeira for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Although the appellant has not pointed out specifically in
his brief the errors assigned against the judgment from which
he appeals in this case, we may deduce that they are as
follows: That the evidence examined at the trial was not
sufficient to support a conviction, and that the evidence showed
that there was no criminal intent in the act with which the
appellant was charged.

The charge against the appellant in the Municipal Court
of Manatí was that on March 1, 1920, at the corner of Mac-
Kinley Street and Colón Avenue of Manatí, he was building
a house less than five meters distant from the middle of Co-
lón Avenue, contrary to the plan presented by him and ap-
proved by the Insular Department of Health and in viola-
tion of sections 3 and 4 of Sanitation Regulation No. 6.

On appeal to the District Court of Arecibo the case was
tried de novo and the defendant was convicted and sentenced
to pay a fine of $25 and the costs, or, in default of its pay-

ment, to be imprisoned one day for each dollar of the fine not paid.

Both the complaint and the judgment state that Sanitations Regulation No. 6 was adopted in accordance with section 32 of the Sanitation Act of March 11, 1911, and in the judgment it is said that the offense charged is penalized according to section 357 of the Penal Code, as amended by Act No. 13 of 1911, and although the parties to this case have said nothing about these citations, we find that they are erroneous, for both the Sanitation Act of March 9, 1911, and Act No. 13 of the same year, amending section 357 of the Penal Code, were repealed by Sanitation Act No. 81 of 1912, and it was in accordance with this Act and not with the former Act that Sanitation Regulation No. 6 was adopted. However, these citations, although erroneous, are superfluous in the complaint and in the judgment, because the offense is really a violation of Sanitation Regulation No. 6 and it is of no consequence whether the Regulation was adopted according to the Act of 1911 or to that of 1912; for which reason these mistakes can not affect the final decision of this case.

Sanitation Regulation No. 6 was promulgated in Administrative Bulletin No. 50 of September 18, 1912. It treats of the urbanization of lands in Porto Rico and establishes the sanitary conditions to be observed in the urbanization of lands in this Island. Subdivision 4 of section 4 reads as follows:

"In streets already laid out, and that are less than ten meters wide, no buildings shall be erected at a distance nearer than five meters from the center of the street."

The appellant presented in the Insular Department of Health, through the Municipal Department of Health of Manatí, his plan for the construction of a house at the corner of MacKinley Street and Colón Avenue, and it was approved on the condition that the building should be erected at least five meters from the middle of the street.

According to the evidence for the prosecution, the appellant began to build the said house less than five meters from the middle of Colón Avenue, thus encroaching upon the space intended for a sidewalk, and, according to the evidence for the defense, the building is more than five meters from the middle of the said avenue. The discrepancy in the evidence is due to the fact that the witnesses for the prosecution measured the width of the street from one curb to the other, while those for the defense denied the existence of any curb and measured the street from the appellant's building to another house on the opposite side, thus finding a distance of ten meters between the two buildings and understanding, therefore, that the appellant's house is five meters from the middle of the street.

As the trial court gave judgment against the defendant, we must conclude that it found against him regarding the conflict in the evidence as to the existence of the curbs between each sidewalk and the street in order to determine the middle of the street, and that the house was being erected less than five meters from the middle of the street, the width of the street being measured from the curbs. Moreover, the distance between two houses is not of itself proof of the width of a street, for one of the houses may be more than five meters from its middle.

With regard to the other ground of appeal, we can not hold that the appellant had no criminal intent in committing the act charged for the reason that the Municipal Commissioner of Health of Manatí authorized him to continue the construction of the house after the Insular Health Department had ordered him to cease, for the latter had given him the permit to build, on the condition that the house should be at least five meters from the middle of the street and the appellant was not authorized to rely on the opinion of the said municipal official in the matter, but was bound by the provisions of the Regulation cited.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.